UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:
NIR MEIR,
Debtor.
_____/

YH LEX ESTATES LLC,
Plaintiff,

v.

NIR MEIR,
Defendant.
_____/

Case No.: 24-11047-LMI
Adv. Proc. No.: 26- - LMI

DEFENDANT'S PRO SE COMBINED MOTION TO DISMISS AND, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

Defendant, Nir Meir, appearing pro se, respectfully moves this Court to dismiss the Complaint filed by YH Lex Estates LLC ("Plaintiff"), and states:

---

## I. INTRODUCTION

Plaintiff seeks the extraordinary remedy of non-dischargeability under 11 U.S.C. §§ 523(a)(2), (4), and (6), based on sweeping and inflammatory allegations of "fraudulent," "outrageous," and "unconscionable" conduct. Yet, despite the severity of these accusations, the Complaint fails to meet the pleading standards required under federal law.

A complaint must contain sufficient factual matter to state a claim that is plausible on its face. Conclusory allegations and legal labels are insufficient.

Further, claims sounding in fraud must be stated with particularity, including the specific facts and circumstances of the alleged conduct.

Here, Plaintiff fails to meet these standards. In addition, Plaintiff's own conduct—entering into a settlement that provides recovery exceeding the alleged debt, receiving substantial payments, and refusing to provide any accounting—undermines any plausible claim of damages.

Accordingly, the Complaint should be dismissed.

---

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a plausible claim for relief.

Claims sounding in fraud are subject to heightened pleading requirements, requiring a plaintiff to clearly state the details of the alleged misconduct, including what occurred, when it occurred, and how it was improper.

---

## III. ARGUMENT

---

### A. § 523(a)(2) – Failure to Plead Fraud and Reliance

To state a claim under § 523(a)(2), Plaintiff must allege a false representation, intent to deceive, justifiable reliance, and resulting loss.

Plaintiff fails to allege with particularity:

- The specific statements made;
- When and where they were made;
- How they were false when made;
- Facts demonstrating intent to deceive.

Additionally, Plaintiff fails to plausibly allege justifiable reliance. Given Plaintiff's extensive independent litigation and dealings with multiple sophisticated parties, reliance is not plausible.

---

### B. § 523(a)(4) – No Fiduciary Capacity or Misappropriation

Plaintiff does not establish the existence of any express or technical trust or any fiduciary relationship that would give rise to liability.

Further, Plaintiff does not allege specific facts constituting embezzlement or larceny. General or conclusory assertions are insufficient.

---

### C. § 523(a)(6) – No Willful and Malicious Injury

Plaintiff does not allege facts demonstrating that Defendant intended to cause injury or acted with substantial certainty that harm would result.

At most, the Complaint describes a financial or contractual dispute, which is insufficient to support this type of claim.

---

### D. Failure to Plausibly Allege Damages

A core element of each claim is the existence of a loss caused by Defendant.

Here, Plaintiff's own conduct demonstrates otherwise:

- Settlement providing approximately $28 million;
- Alleged debt approximately $19 million;
- Initial recovery of approximately $5 million;
- Additional $6 million collected;
- Ongoing payments through 2026–2027.

Despite these recoveries, Plaintiff has refused to provide a full accounting.

These deficiencies are compounded by Plaintiff's refusal to produce or describe the settlement agreement, further rendering its damages allegations unclear and unsupported.

---

### E. Plaintiff's Conduct Undermines Its Claims

Plaintiff repeatedly sought extensions based on representations that settlement would render the claims moot. Defendant relied on those representations.

Having obtained the benefit of those extensions and entered into a settlement, Plaintiff now proceeds without explanation.

This inconsistency further undermines the plausibility of the Complaint.

---

### F. Alternative Request for More Definite Statement

Where a complaint is too vague to permit a response, the Court may require clarification.

Plaintiff should be required to:

- Identify specific misrepresentations;
- Specify reliance;
- Provide a full accounting of all recoveries;
- State the remaining alleged debt;
- Produce or describe the settlement agreement.

Absent this information, Defendant cannot meaningfully respond.

---

## IV. CONCLUSION

Plaintiff has failed to:

- Plead fraud with sufficient detail;
- Establish the required elements under §§ 523(a)(2), (4), and (6);
- Clearly allege damages or causation.

Accordingly, Defendant respectfully requests that the Court dismiss the Complaint in its entirety or alternatively require a more definite statement.

Respectfully submitted,

Nir Meir
Pro Se Defendant

I am not an attorney and do not have access to CM\ECF. I have asked Peter Shapiro to file this pleading on my behalf. I agree to accept service of all pleadings via email at nir@eammcap.com.