UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

NIR MEIR,

Debtor.

_____/

YH LEX ESTATES LLC,

Plaintiff,

v.                              Adv. Proc. No. 26-01001-PDR

NIR MEIR,

Defendant.

_____/

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS
AND, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

Defendant, Nir Meir ("Defendant"), respectfully submits this Reply in further support of his
Motion to Dismiss and, in the Alternative, for More Definite Statement.

PRELIMINARY STATEMENT

Plaintiff's Opposition relies heavily on allegations, accusations, references to criminal
proceedings, unrelated litigation, and inflammatory rhetoric. Missing from the Opposition
is any meaningful response to several central issues raised by Defendant.

First, Plaintiff does not dispute that the underlying loans were made to HFZ Capital Group,
LLC ("HFZ"), not to Defendant personally.

Second, Plaintiff does not dispute that it conducted extensive due diligence before
advancing funds and that it was represented by sophisticated counsel throughout the
transaction.

Third, Plaintiff does not adequately address the fact that the personal guaranty was executed after the original investment had already been made, thereby undermining Plaintiff's assertion that the guaranty induced the extension of credit.

Fourth, Plaintiff continues to withhold settlement agreements, payment information, accounting records, credits, offsets, and recovery information despite repeatedly obtaining extensions while representing that ongoing settlements and recoveries could materially affect or potentially moot this dispute.

The Opposition therefore fails to cure the deficiencies identified in Defendant's Motion.

I.
PLAINTIFF IMPROPERLY RELIES UPON UNPROVEN ALLEGATIONS

A substantial portion of the Opposition is devoted to repeating allegations from criminal proceedings, civil lawsuits, media statements, and disputes involving third parties.

Those allegations remain disputed.

An indictment is not evidence.

A complaint is not evidence.

Allegations contained in other proceedings are not findings of fact.

The issue presently before the Court is not whether Plaintiff can repeat accusations. The issue is whether Plaintiff has adequately pleaded viable claims for nondischargeability and whether a live controversy remains after years of settlements and recoveries.

The Opposition repeatedly attempts to transform allegations into established facts. It cannot do so.

II.
THE UNDERLYING LOANS WERE MADE TO HFZ, NOT TO DEFENDANT

Plaintiff's own Opposition confirms that the funds at issue were loaned to HFZ.

Plaintiff does not allege that it transferred loan proceeds directly to Defendant.

Plaintiff does not identify any transfer of Plaintiff's funds into Defendant's personal accounts.

Plaintiff does not identify any specific loan proceeds belonging to Plaintiff that were entrusted to Defendant personally and subsequently misappropriated.

The transaction at issue was a business lending transaction involving HFZ. Plaintiff's attempt to transform that transaction into a personal nondischargeability action against Defendant remains unsupported by specific factual allegations demonstrating that Defendant personally obtained Plaintiff's funds through fraud within the meaning of Section 523.

III.
PLAINTIFF'S RELIANCE THEORY IS INCONSISTENT WITH ITS OWN TIMELINE

Plaintiff acknowledges that the underlying loans were advanced between 2017 and 2019.

Plaintiff further acknowledges that the personal guaranty was subsequently executed.

Accordingly, Plaintiff could not have relied upon a guaranty that did not yet exist when it decided to make the original investment and extend the original credit.

This chronology is particularly significant because Plaintiff's claims under Section 523(a)(2) require a sufficient nexus between the alleged representations and the extension of credit.

Plaintiff's Opposition fails to reconcile this inconsistency.

IV.
PLAINTIFF IS A SOPHISTICATED INVESTOR THAT CONDUCTED EXTENSIVE DUE DILIGENCE

Plaintiff was not an unsophisticated consumer.

Plaintiff is a sophisticated real estate investor represented by experienced counsel.

Before advancing millions of dollars, Plaintiff conducted substantial due diligence concerning HFZ, the project, and the individuals involved.

The existence of extensive due diligence is directly relevant to Plaintiff's assertions concerning reliance and inducement.

The Opposition does not meaningfully address these issues.

V.
PLAINTIFF FAILS TO ADDRESS ITS RECOVERIES, SETTLEMENTS, AND POTENTIAL SATISFACTION OF THE JUDGMENT

The most significant omission from Plaintiff's Opposition concerns the existence of settlements and recoveries obtained after entry of the judgment.

Throughout this bankruptcy case Plaintiff repeatedly sought and obtained extensions while representing that settlement negotiations, recoveries, and related proceedings were ongoing and could materially affect this dispute.

Despite those representations, Plaintiff continues to refuse to disclose:

• settlement agreements;

• payment schedules;

• accounting records;

• recovery calculations;

• offsets and credits;

• amounts received from related parties; and

• the amount allegedly remaining due.

Defendant has a good-faith basis to believe that Plaintiff has recovered substantial sums through settlements and related proceedings involving HFZ, Ziel Feldman, Monroe Capital, Shore Club-related litigation, and other related sources.

Based upon publicly available information and information disclosed in related proceedings, Defendant reasonably believes that Plaintiff may have recovered all or substantially all of the amount represented by the underlying judgment and that the settlement agreements and payment records are directly relevant to determining whether any debt remains outstanding.

Yet Plaintiff provides none of this information.

Instead, Plaintiff asks the Court to simply accept its assertion that the judgment remains unpaid.

That is insufficient.

VI.
PLAINTIFF'S REFUSAL TO DISCLOSE THE SETTLEMENT AGREEMENTS SUPPORTS DISMISSAL OR, AT MINIMUM, A MORE DEFINITE STATEMENT

Plaintiff's refusal to disclose settlement agreements and recovery information is particularly significant because those materials may establish that Plaintiff has already recovered all or a substantial portion of its claimed damages.

If Plaintiff has been fully compensated or substantially compensated through settlements, then the existence, amount, and nature of any remaining claim becomes a threshold issue.

Defendant respectfully submits that Plaintiff should not be permitted to pursue extraordinary nondischargeability relief while withholding information directly relevant to whether any debt remains outstanding.

At a minimum, Plaintiff should be required to identify:

(a) all settlements entered into following entry of the judgment;

(b) all payments received pursuant to such settlements;

(c) all credits, offsets, distributions, and recoveries applicable to the judgment;

(d) the precise amount Plaintiff contends remains due as of the hearing date.

Without such disclosure, Defendant cannot reasonably evaluate the validity or amount of Plaintiff's alleged claim.

VII.
THE OPPOSITION CONFIRMS THE NEED FOR A MORE DEFINITE STATEMENT

Plaintiff repeatedly suggests that discovery will eventually establish damages and remaining balances.

That argument highlights the very problem identified in Defendant's Motion.

Plaintiff seeks to except a debt from discharge while withholding information necessary to determine:

(1) whether the debt remains outstanding;

(2) the amount allegedly owed;

(3) the extent of prior recoveries; and

(4) the effect of settlements obtained over the past several years.

A more definite statement is therefore appropriate.

CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court:

A. Grant Defendant's Motion to Dismiss;

B. Alternatively, require Plaintiff to provide a More Definite Statement identifying all recoveries, settlements, offsets, credits, and the amount allegedly remaining due;

C. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Nir Meir
Defendant, Pro Se

I am not an attorney and do not have access to CM/ECF. I have asked Peter Shapiro to file this pleading on my behalf. I agree to accept service of all pleadings via email at nir@eammcap.com